UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LEE ROSLUND,                    Case No. 11-12240

        Plaintiff,                   Denise Page Hood
v.                                      United States District Judge

COMMISSIONER OF SOCIAL SECURITY,        Michael Hluchaniuk
                                        United States Magistrate Judge

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 7, 10)**

## I.   PROCEDURAL HISTORY

    A.   Proceedings in this Court

On May 23, 2011,  plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Denise Page

Hood referred this matter to the undersigned for the purpose of reviewing the

Commissioner's decision denying plaintiff's claim for a period of disability,

disability insurance and supplemental security income benefits.  (Dkt. 2).  This

matter is before the Court on cross-motions for summary judgment.  (Dkt. 7, 10).

    B.   Administrative Proceedings

Plaintiff filed the instant claims on August 27, 2008 and September 8, 2008,

alleging that he became unable to work on December 1, 1999.  (Dkt. 5-5, Pg ID 147-155, 158-160).  The claim was initially disapproved by the Commissioner on November 20, 2008.  (Dkt. 5-4, Pg ID 94-112).  Plaintiff requested a hearing and on December 3, 2009, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Peter N. Dowd, who considered the case *de novo*.  In a decision dated March 2, 2010, the ALJ found that plaintiff was not disabled.  (Dkt. 5-2, Pg ID 26-42).  Plaintiff requested a review of this decision on May 7, 2012.  (Dkt. 5-2, Pg ID 25).  The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on March 18, 2012, denied plaintiff's request for review. (Dkt. 5-2, Pg ID 19-21); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.   FACTUAL BACKGROUND

### A.   ALJ Findings

Plaintiff was 46 years of age at the time of the most recent administrative hearing.  (Dkt. 5-2, Pg ID 40, 55).  Plaintiff's relevant work history included approximately 12 years as a home health aide and a factory worker.  (Dkt. 5-6, Pg

ID 177).  In denying plaintiff's claims, defendant Commissioner considered heart, angina, ADD, schizophrenia, seizures, and panic attacks as possible bases of disability.   (Dkt. 5-6, Pg ID 176).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since March 20, 2008.  (Dkt. 5-2, Pg ID 32).  At step two, the ALJ found that plaintiff's (1) morbid obesity with diabetes mellitus, hypertension and obstructive sleep apnea; (2) chronic obstructive pulmonary disorder (COPD); (3) coronary artery disease (4) seizure disorder; (5) bipolar disorder; and (6) anxiety disorder were "severe" within the meaning of the second sequential step.  (Dkt. 5-2, Pg ID 32). At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (Tr. 5-2, Pg ID 34).  At step four, the ALJ found that plaintiff could not perform his previous work as a home health aide and a production worker.  (Tr. 5-2, Pg ID 40).  At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy.  (Dkt. 5-2, Pg ID 41).

B.    Plaintiff's Claims of Error

Plaintiff makes no claims of error except as to the hypothetical question posed to the vocational expert regarding plaintiff's mental impairments. Because each element of the hypothetical does not accurately describe plaintiff in all

significant, relevant respects, plaintiff argues that the VE's testimony at the hearing should not constitute substantial evidence.  According to plaintiff, the ALJ did not properly evaluate his impairments in the hypothetical question and, therefore, the hypothetical is flawed.  In the RFC, the ALJ states Mr. Roslund "is mentally limited to simple, routine and repetitive work activities performed in a stable environment [and] is mentally able to tolerate superficial contact with supervisors and coworkers, but should not work with the general public."  (Tr. 19). The ALJ determined that with regard to concentration, persistence or pace, plaintiff has moderate limitations.  (Tr. 18).  The ALJ also determined that plaintiff was moderately limited in social functioning.  (Tr. 17). Plaintiff acknowledges that these findings are consistent with the Psychiatric Review Technique form.  (Tr. 615).  Plaintiff agrees that the moderate limitation in social functioning is the reason the ALJ limits to only "superficial contact with supervisors and coworkers, but should not work with the general public." (Tr. 19) However, plaintiff asserts that the moderate limitation in concentration, persistence and pace is not adequately addressed in the hypothetical and, therefore, the hypothetical is flawed and the case should be remanded for several reasons.

First, plaintiff compares this case to *Thomczek v. Chater*, 1996 WL 426247 (E.D. Mich. 1996), in which the ALJ filled out a PRTF that contained a finding where the claimant "often" suffered from deficiencies in concentration, but did not

include that fact in the hypothetical put to the VE.  And, plaintiff points to *Smith v. Halter*, 307 F.3d 377 (6th Cir. 2001), in which claimant argued that the ALJ did not accurately characterize his mental impairment in the hypothetical question because "the ALJ should have added the instruction that the claimant 'often' suffers deficiencies in concentration, persistence, or pace resulting in failure to complete tasks in a timely manner, as the ALJ indicated in the PRT."  *Id.*, 307 F.3d at 379.  The hypothetical question in *Smith* included the following limitations: "jobs that are routine and low stress, and do not involve intense interpersonal confrontations [or] high quotas . . .". *Id*. at 378.  The Court in *Smith* found "that the ALJ accurately characterized [the claimant's] impairments in his hypothetical to the vocational expert."  *Id*., 307 F.3d at 379.  According to plaintiff, no such restrictions were placed in the hypothetical in the present case.

Plaintiff acknowledges that, while SSR 96-8 indicates that an assessment of the "B" criteria is not in and of itself the same as an RFC assessment, there is nothing in this language to suggest that an ALJ's factual determination at step three, which is summarized on the PRTF, "can simply be disregarded at step five." Rather, at step five, the ALJ is required to flesh out his broad step three finding by defining a more detailed RFC, and incorporating those details into the hypothetical question.  Plaintiff does not suggest that a hypothetical question must incorporate verbatim the broad terminology of the PRTF, but argues that it has been

Report and Recommendation
Cross-Motions for Summary Judgment
*Roslund v. Comm'r*; Case No. 11-12240

determined that a claimant has "moderate" deficiencies in concentration,

persistence or pace, etc, the ALJ must craft a hypothetical question that

encompasses, in concrete terms, the substance of that finding.  In this case, the

ALJ determined that plaintiff had a severe impairment of, among others, bipolar

and anxiety disorders and with regard to concentration, persistence or

pace, that he has moderate limitations.  (Tr. 18).  According to plaintiff, courts

have specifically found individuals that "often," which is equivalent to

"moderate," suffer deficiencies of concentration to be disabled.  See *Walker v.*

*Secretary of Health and Human Services*, 980 F.2d 1066 (6th Cir. 1992).  Plaintiff

also points to *Bankston v. Commissioner of Social Security*, 127 F.Supp.2d 820,

826 (E.D. Mich. 2000), in which the Court indicated that "[a] reasonable

interpretation of 20 C.F.R. § 404.1520a indicates that a mental deficiency

occurring 'often' may not be consistent with substantial gainful employment."

Plaintiff contends that the ALJ's conclusion that plaintiff "is mentally

limited to simple, routine and repetitive work activities performed in a stable

environment" does not sufficiently account for the entire "moderate" limitation in

the ability to maintain concentration, persistence and pace.  Specifically, the ALJ

does not adequately address the "moderate" limitation in the ability to maintain

persistence and pace, which is the ability to complete a job on time.  Further, the

limitation to "simple, routine and repetitive work activities in a stable

environment" is directly on point with the other cases cited by plaintiff that resulted in remand for further proceedings because of the hypothetical not properly accommodating for the moderate deficiency in the ability to maintain concentration, persistence and pace.  For example, in *Benton v. Commissioner of Social Security*, 511 F.Supp.2d 842 (E.D. Mich. 2007), the court concluded that a limitation in a hypothetical to "simple, routine, repetitive tasks" was not adequate to reflect a "moderate" deficiency in concentration, persistence, or pace.  The Court held that such a limitation did not address both of the components of concentration, persistence, or pace.  One of those components was the level of sophistication of the task while the other component was the frequency of performing the task.  *Id*. at 846.  Similarly, a "simple jobs" limitation in a hypothetical was not detailed enough to encompass a "moderate deficiency in concentration, persistence or pace" in *Alhin v. Commissioner of Social Security*, 2008 WL 2743954 (E.D. Mich. 2008).  According to plaintiff, the limitation to "simple, routine and repetitive work activities" has been found time and time again by this court to be an insufficient hypothetical limitation to fully and properly incorporate moderate limitations in concentration, persistence and pace.  Thus, plaintiff urges the Court to concluded that, because of the flawed hypothetical, the VE's response cannot serve as substantial evidence to uphold the ALJ's determination.

C.    The Commissioner's Motion for Summary Judgment

The Commissioner first points out that plaintiff does not argue that the medical evidence is inconsistent with the ALJ's RFC findings.  Rather, his only argument is that the ALJ did not properly evaluate plaintiff's mental impairment in the hypothetical question; specifically, plaintiff claims that the ALJ's hypothetical question did not adequately address the finding that Plaintiff had a moderate limitation in concentration, persistence, or pace.  The Commissioner contends, to the contrary, that the ALJ recognized that plaintiff was not without limitation, and the evidence supported the ALJ's finding that plaintiff's concentration, persistence, and pace were adequate to perform work limited to simple, routine, and repetitive tasks in a stable environment.  (Tr. 19).  According to the Commissioner, the Sixth Circuit does not require an ALJ to include in the RFC particular limitations related to a finding of a moderate limitation in concentration, persistence, or pace.  Rather, the limitations required in the RFC depend on the facts of the case at hand.  *See Lewicki v. Comm'r of Soc. Sec.*, 2010 WL 3905375, at *3 (E.D. Mich. 2010) (Ludington, J.) (adopting Magistrate Judge Hluchaniuk's report and recommendation); *see also Taylor v. Comm'r of Soc. Sec.*, 2011 WL 2682682, at *7 (E.D. Mich. 2011) (Michelson, M.J.) ("[T]here is no bright-line rule requiring remand whenever an ALJ's hypothetical includes a limitation of 'unskilled work' but excludes a moderate limitation in concentration").

According to the Commissioner, in this case, the ALJ gave significant weight to the opinions of the independent psychological examiner, Dr. Dickson, and Dr. Joseph, the DDS psychological consultant, in assessing plaintiff's RFC. (Tr. 18, 21, 619-20, 747). Dr. Dickson found no significant deficits with regard to plaintiff's immediate, recent, or past memory, his abstract thinking, or judgment. (Tr. 753). Nor did Dr. Dickson find any limitations in plaintiff's ability to understand, remember, or carry out simple instructions or make judgments on simple work-related decisions. (Tr. 747). Likewise, Dr. Joseph found that despite plaintiff's moderate limitations in concentration, persistence, and pace, he had the ability to do semi-skilled work. (Tr. 621). Dr. Rozenfeld agreed with Dr. Joseph's PRTF and mental RFC assessment. (Tr. 626, 629-30). The ALJ's RFC findings were even more generous than Dr. Joseph's because he gave plaintiff the benefit of the doubt by limiting him to only unskilled work. (Tr. 18-19, 23). The Commissioner points out that the basic mental demands of unskilled work are not onerous. They consist of the ability to understand, carry out, and remember simple instructions; to respond appropriately to supervision, co-workers, and usual work situations; and to deal with changes in a routine work setting. *See* SSR 85-15, 1985 WL 56857, at *4 (S.S.A.). Thus, the Commissioner contends that it was reasonable for the ALJ to rely on the physicians' findings to determine that plaintiff could perform work on a sustained basis. *See Taylor*, 2011 WL

2682682, at *8.

The Commissioner maintains that other substantial evidence in the record also supports the ALJ's RFC findings.  For example, during examinations and therapy sessions, plaintiff was well-groomed, appropriately dressed, cooperative, alert, fully oriented, had an appropriate affect, a normal mood, and normal thought content.  (Tr. 350, 356, 476, 480, 494, 518, 530, 532-35, 564, 634, 647, 651, 653, 657, 659, 661-62, 664-65, 670-71, 678, 701, 714, 722, 724, 726, 807).  Plaintiff showed no evidence of high-risk behavior to himself or others or suicidal or homicidal ideations.  (Tr. 652, 670-72, 678-79, 699, 705, 723, 725, 727, 729, 733).  Plaintiff even described his mood as "good," "pretty good," or "ok."  (Tr. 659, 662-65, 724, 738, 741).  In addition, the ALJ noted that plaintiff engaged in a wide array of daily activities, including regularly attending church, helping his daughters with their homework, doing light housework and yard work, going to restaurants and shopping, repairing a sidewalk and computer, and independently caring for his personal needs.  (Tr. 17, 20).  Plaintiff socialized with family and friends, traveled to St. Louis and Canada, cared for a pet, and enjoyed fishing.  (Tr. 54, 56-57, 193-95, 660).  According to the Commissioner, the ability to engage in such activities, all of which require sustained concentration, undermines plaintiff's claim that debilitating symptoms precluded him from working.  Instead, his activities show that he was not precluded from performing the sort of simple,

unskilled work described in the ALJ's RFC findings.  (Tr. 19).

The Commissioner also argues that, consistent with the RFC, the ALJ's question to the VE indicated, among other things, that the hypothetical individual had the ability to perform unskilled, simple, routine, and repetitive work activities in a stable work environment, and could tolerate only superficial contacts with supervisors, coworkers, and the general public.  (Tr. 68).  The VE testified that despite plaintiff's limitations, he could perform unskilled, sedentary work as a general office clerk, a stock handler/packager, or a bench assembler (Tr. 67-68).  Because the hypothetical question to the VE fairly set forth all of plaintiff's limitations, the VE's testimony provides substantial evidence for the ALJ's conclusion that plaintiff was not disabled.

The Commissioner points out that the ALJ in *Reynolds* reached a similar conclusion.  2011 WL 3897793, at *3. In *Reynolds*, this Court found that substantial evidence supported the ALJ's conclusion that the plaintiff's limitations did not preclude unskilled work.  Here, like in *Reynolds*, the state agency psychiatrist found that plaintiff could work.  (Tr. 621).  Thus, according to the Commissioner, plaintiff fails to "explain why the facts of this particular case require a more detailed hypothetical question to adequately account for his own moderate limitations in concentration, persistence, or pace."  *Lewicki*, 2010 WL 3905375, at *3.  The Commissioner urges the Court to conclude that the ALJ's

Report and Recommendation
Cross-Motions for Summary Judgment
*Roslund v. Comm'r*; Case No. 11-12240

hypothetical questioning was thus both accurate and appropriate in this case. *See e.g.*, *Wood-Sebald v. Comm'r of Soc. Sec.*, 2009 WL 483196, at *7-9 (E.D. Mich. 2009) (Taylor, J.), citing *Infantado v. Astrue*, 263 Fed.Appx. 469, 477 (6th Cir. 2008). "There may be cases where . . . moderate limitations preclude the performance of even some simple, unskilled tasks . . .," *Lewicki*, 2010 WL 3905375, at *3, but based on the evidence discussed above, the Commissioner argues that such is not the case here.

## III.   DISCUSSION

### A.   <u>Standard of Review</u>

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this

statute is limited in that the court "must affirm the Commissioner's conclusions

absent a determination that the Commissioner has failed to apply the correct legal

standard or has made findings of fact unsupported by substantial evidence in the

record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005);

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In deciding

whether substantial evidence supports the ALJ's decision, "we do not try the case

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.

McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383,

387 (6th Cir. 1984).  "It is of course for the ALJ, and not the reviewing court, to

evaluate the credibility of witnesses, including that of the claimant."  *Rogers v.

Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.

Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may ... consider the credibility of a claimant

when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502

F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the

claimant are to be given great weight, particularly since the ALJ is charged with

observing the claimant's demeanor and credibility.") (quotation marks omitted);

*Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is

appropriate where an ALJ finds contradictions among medical reports, claimant's

testimony, and other evidence.").  "However, the ALJ is not free to make

credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of*

*Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council."  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

    B.   <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.).  Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.

> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.

> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.

> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).  At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

    C.    <u>Analysis and Conclusions</u>

The issue before the Court – whether the ALJ properly accounted for plaintiff's moderate impairment of concentration, persistence, or pace in the hypothetical question using terms such as "simple," "routine," and "unskilled" – was ably analyzed in a recent decision authored by Magistrate Judge Laurie Michelson.  *Taylor v. Comm'r*, 2011 WL 2682682 (E.D. Mich. 2011), adopted as the decision of the Court via order dated July 11, 2011.  Judge Michelson began her analysis by noting that case law has resolved this issue in a variety of seemingly inconsistent ways.  *Id*. at *6, n. 3 and n. 4 (collecting cases).  Judge Michelson acknowledged that "[i]n analyzing this case law, the Court agrees that a hypothetical simply limiting a claimant to unskilled work may, in some instances, fail to capture a claimant's moderate limitation in concentration, persistence, or pace because the difficulty of a task does not always equate with the difficulty of staying on task."  *Id*. at *7.  She also found, however, "that there is no bright-line rule requiring remand whenever an ALJ's hypothetical includes a limitation of 'unskilled work' but excludes a moderate limitation in concentration. Rather, this

Court must look at the record as a whole and determine if substantial evidence

supports the ALJ's decision." *Id*.

In undertaking this examination, Judge Michelson pointed to a case nearly

identical to the one before her, and to the case presently before the undersigned:

in a virtually identical case, another court in this District explained:

> Taken in isolation, the hypothetical limitations
> consisting of "[s]imple routine tasks in a low stress
> environment" and "minimal changes in the work place
> setting" might appear inadequate to account for
> "moderate" concentrational and pacing deficiencies.
> However, the record as a whole indicates that the
> hypothetical question and the ALJ's finding of
> "moderate" limitations findings are not incompatible.

*Hess v. Comm'r of Soc. Sec.*, 2008 WL 2478325, at *7 (E.D. Mich. 2008). Similar

to *Hess* and *Taylor*, the PRTF finds that plaintiff had moderate difficulties in

maintaining concentration, persistence, or pace. (Dkt. 5-13, Pg ID 644).[1] Also

similar to *Hess* and *Taylor*, the Mental Residual Functional Capacity Assessment

(Dkt. 5-13, Pg ID 648-649), found plaintiff to be moderately limited in six of the

20 categories; specifically, the ability to understand and remember detailed

instructions, the ability to carry out detailed instructions, the ability to maintain

attention and concentration for extended periods, the ability to get along with

---

[1] The PRTF was completed by a non-medical disability examiner, however, it was reviewed by a medical consultant, who agreed with the assessment. (Dkt. 5-13, Pg ID 655-659).

coworkers or peers without distracting them or exhibiting behavioral extremes, the ability to respond appropriately to changes in the work setting, and the ability to set realistic goals or make plans independently of others. *Id*. In *Hess* and *Taylor*, the courts both concluded that because the ALJ relied on the opinions in the PRTF to reach his conclusion that the plaintiff had moderate limitations in concentration, persistence, and pace, it was reasonable for the ALJ to also rely on the ultimate conclusion in the PRTF that the plaintiff could perform unskilled work on a sustained basis. *Taylor*, at *8.

Here, the PRTF also concluded that plaintiff could perform semi-skilled work, despite his moderate impairments of the ability to maintain attention and concentration, accept instruction and respond appropriately to criticism, and respond appropriately to changes in work settings. (Dkt. 5-13, Pg ID 650, 659). In addition, the ALJ sought a post-hearing psychiatric review of plaintiff's records. The psychologist concluded that plaintiff had moderate impairment in the ability to understand and remember complex instructions, moderate impairment in the ability to make judgments on complex work-related decisions, moderate impairment in the ability to carry out complex instructions, and moderate impairments in the abilities to interact appropriately with the public, coworkers, and supervisors along with a moderate impairments in the ability to respond appropriately to usual work situations and changes in a routine work setting. (Dkt.

5-14, Pg ID 777-778).

In this case, the ALJ found that plaintiff was more limited than set forth in the PRTF, concluding that plaintiff was limited to simple, routine, repetitive work activities performed in a stable environment and while he was able to tolerate superficial contact with supervisors and coworkers, he should not work with the general public.  (Dkt. 5-2, Pg ID 37).[2]  Thus, just as in *Taylor* and *Hess*, the ALJ reasonably relied on the ultimate opinion that plaintiff was capable of working and there is no basis for the ALJ to have adopted or relied on only certain parts of the PRTF, while ignoring others.  *Hess*, at *8 ("Plaintiff's argument for the selective adoption of Dr. Marshall's 'moderate' limitations without considering the ultimate conclusion would amount to a distortion of the record."); *see also Lewicki v. Comm'r of Soc. Sec.*, 2010 WL 3905375, *3 (E.D. Mich. 2010) ("Plaintiff's objection ignores a particularly compelling piece of evidence provided by the same state psychologist who diagnosed Plaintiff's mental limitations in the first place.  The psychologist diagnosed moderate mental impairments, but also concluded that Plaintiff's mental limitations would not prohibit him from performing simple, unskilled work.").  Additionally, the ALJ did not simply limit plaintiff to "unskilled work."  Rather, the ALJ accounted for the plaintiff's specific

---

[2]  Contrary to plaintiff's argument, the undersigned finds this hypothetical to be consistent with *Smith v. Halter*, *supra*.

limitations in the PRTF by limiting plaintiff to "simple, routine and repetitive work activities performed in a stable work environment."  *See Taylor*, at *9 (A reasonable interpretation of the opinions as a whole in the PRTF indicate that the concentration limitations identified do not preclude consistent or sustained concentration in a stable, simple, and repetitive task setting).[3]

The undersigned is not persuaded by the case law cited by plaintiff suggesting that the ALJ's approach was incorrect.  In *Thomczek v. Chater*, 1996 WL 426247, at *2-3 (E.D. Mich. 1996) the court found, in a rather conclusory fashion, that because the ALJ did not include the claimant's inability to concentrate in the hypothetical, the hypothetical was inaccurate.  Plaintiff offers no persuasive explanation for why *Thomczek* should control on this record.

Plaintiff also argues that *Bankston v. Comm'r of Soc. Security*, 127 F.Supp.2d 820 (E.D. Mich. 2000), found that "moderate" in the state agency physician's assessment is equivalent to "often" under the Commissioner's prior regulations in effect at the time *Bankston* was decided.  The viability of the

---

[3]  Just as in *Taylor*, this case is distinguishable from *Ealy v. Comm'r*, 594 F.3d 504 (6th Cir. 2010) in which the Sixth Circuit found the ALJ's hypothetical to be deficient because it failed to include the limitation from the state DDS consultant that the plaintiff was only able to sustain attention to complete tasks in two hour segments over an eight hour day where speed was not critical.  Here, just as *Taylor*, (and unlike the circumstances in *Ealy*) the consulting physician substantially reduced the significance of the PRTF limitations by concluding that the plaintiff could perform unskilled work.

*Bankston* decision, has been repeatedly questioned as contrary to the Commissioner's Psychiatric Review Technique form instructions and the principle of deference to an administrative agency's construction of its own regulations. *Benton v. Comm'r of Social Security*, 511 F.Supp.2d 842, 847 (E.D. Mich. 2007); *Ogden v. Apfel*, Case (S.D. Ohio 2001) (suggesting that *Bankston* is simply wrong because it ignores the Commissioner's interpretation of "often" in the regulations). *Bankston* correctly notes that a "hypothetical question must consider the severity—including the degree and/or frequency—of the claimant's concentration problems." *Benton*, 511 F.Supp.2d at 847.  However, the Benton court rejected the plaintiff's assertion that the ALJ must apply a "formulaic 50% reduction in concentration to Plaintiff based solely on his finding of a moderate limitation in concentration, persistence, and pace." *Id*.  Since *Bankston*, C.F.R. 404.1520a(c)(4) has been amended to encompass a five-level scale based on severity rather than frequency of the limitation, as set forth in the scale evaluated in *Bankston.  Brewer v. Comm'r of Social Security*, 2008 WL 719228, *5 (E.D. Mich. 2008). This Court has previously concluded that to the extent *Bankston* was good law under the old version of § 404.1520a, it is simply inapplicable to the current regulation. *Id*.  For this same reason, *Walker v. Sec'y of Health and Hum. Serv.*, 980 F.2d 1066 (6th Cir. 1992) is not controlling.  *See Reynolds v. Comm'r*, 2011 WL 3897793 (E.D. Mich. 2011).  In addition, *Benton* is not controlling this case because, unlike in

Report and Recommendation
Cross-Motions for Summary Judgment
*Roslund v. Comm'r*; Case No. 11-12240

*Benton*, a medical professional (not the ALJ) concluded that plaintiff had a moderate impairment in concentration, persistence or pace but still concluded that the claimant was capable of sustained work. *See e.g.*, *Hicks v. Comm'r*, 2011 WL 6000701 (E.D. Mich. 2011). For these reasons, the undersigned finds no basis to conclude that the hypothetical question was flawed or unsupported by substantial evidence.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: August 10, 2012                     s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 10, 2012, I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system, which will send electronic
notification to the following: Richard J. Doud, Vanessa Miree Mays, AUSA, and
the Commissioner of Social Security.

                                          s/Darlene Chubb
                                          Judicial Assistant
                                          (810) 341-7850
                                          darlene_chubb@mied.uscourts.gov